1  M. ARMON COOPER (State Bar No. 036320)
   Attorney at Law
2  One California Street, 18th Floor
3  San Francisco, California 94111
   Tel: 415-362-6000
4  Fax: 415-834-9070

5  *Attorney for Plaintiff*
   DAVID CAMPBELL
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 DAVID CAMPBELL,                    ) Case No.
11                                    )
                Plaintiff,             ) COMPLAINT ON PROMISSORY NOTE
12                                    ) AND PERSONAL GUARANTY
                                      )
13 vs.                                )
                                      )
14 TIMOTHY YEO and TAF GROUP LTD., a  )
   British Virgin Islands Company,    )
15                                    )
                Defendants.            )
16

17    Plaintiff David Campbell alleges:

18    1.    Plaintiff is and was at all times mentioned herein a citizen of the State of California.

19                          **JURISDICTIONAL ALLEGATIONS**

20    2.    Timothy Yeo is an individual residing in the Republic of Singapore or the People's
21 Republic of China, and has consented in writing to the jurisdiction of this Court.

22    3.    TAF Group Ltd. is a British Virgin Islands Company, and has consented in writing to
23 the jurisdiction of this Court.

24    4.    The jurisdiction of this Court over the subject matter of this action is predicated on 28
25 USC § 1332. The amount in controversy exceeds $50,000, exclusive of interest and costs.

26

27

28
                                            1

**COMPLAINT ON PROMISSORY NOTE AND PERSONAL GUARANTY**

2963397v1 786106

## VENUE ALLEGATIONS

5.  Plaintiff resides in the Northern District of California, the contracts on which this action is brought are to be performed in the Northern District of California, and defendants have consented in writing to venue in this Court.

## FIRST CAUSE OF ACTION AGAINST TAF GROUP LTD.

6.  On or about October 15, 2005 defendant TAF Group Ltd. executed and delivered to plaintiff its promissory note dated October 15, 2005 in the principal amount of $325,000 payable to the order of plaintiff at 1026 Woodside Drive, Napa, California (the "Promissory Note"), evidencing a loan by plaintiff to defendant TAF Group Ltd. in that amount. A copy of the Promissory Note is attached as Exhibit A to this Complaint, and incorporated herein by this reference.

7.  Plaintiff has performed all his obligations, if any, under the terms of the Promissory Note.

8.  Defendant TAF Group Ltd. failed to make payments required by the terms of the Promissory Note when due, and on or about September 5, 2007 plaintiff by notice in writing to defendant TAF Group Ltd. declared the unpaid balance of principal and interest to be immediately due and payable pursuant to the terms of the Promissory Note. Unpaid principal, interest and default penalties in the aggregate amount of $356,741.61 are due and payable as of October 31, 2007. Interest and default penalties continue to accrue under the terms of the Promissory Note at the rate of $83.17 per day.

## SECOND CAUSE OF ACTION AGAINST TIMOTHY YEO

9.  Timothy Yeo is a principal in defendant TAF Group Ltd. On or about November 1, 2005 defendant Timothy Yeo executed and delivered to plaintiff his Personal Guaranty of the Promissory Note, a copy of which is attached as Exhibit B to this Complaint and incorporated herein by this reference. Under the terms of the Personal Guaranty, defendant Timothy Yeo is obligated to pay to plaintiff all amounts unpaid by defendant TAF Group Ltd. under the terms of the Promissory Note.

10.    Plaintiff has performed all his obligations, if any, under the terms of the Personal Guaranty.

WHEREFORE plaintiff prays for judgment against defendants Timothy Yeo and TAF Group Ltd. in the amount of $356,741.61 as of October 31, 2007, plus interest and default penalties continuing to accrue at the rate of $83.17 per day and reasonable attorney fees and costs.

Date: December 10, 2007

*M. Armon Cooper* (signature)

M. ARMON COOPER
Attorney for Plaintiff David Campbell

3

COMPLAINT ON PROMISSORY NOTE AND PERSONAL GUARANTY

2963397v1 786106

PROMISSORY NOTE

US$ 325,000.00                                                Date: October 15, 2005
                                                              Place: SHANGHAI, CHINA

      For value received, the undersigned TAF Group, Ltd., a British Virgin Islands company with its corporate offices c/o TrustNet (Hong King) Limited, Suite 2303, 23/F, Great Eagle Centre, 23 Harbour Road, Wanchai, Hong Kong, and its principal place of business in Shanghai, China ("Borrower"), promises to pay to the order of David Campbell, his heirs or assigns ("Lender"), at 1026 Woodside Drive, Napa, CA 94558 (or at such other place as Lender may designate), the sum of THREE HUNDRED TWENTY-FIVE THOUSAND AND NO/100 UNITED STATES DOLLARS (US$325,000.00) plus interest as defined below, calculated on a quarterly basis (based on a 360-day year of four 90-day quarters) from the date hereof on the principal balance from time to time outstanding. Principal, interest and all other sums payable hereunder shall be paid in lawful money of the United States of America as follows:

A. Interest shall accrue on the outstanding principal balance at the prevailing annual percentage rate of interest on jumbo two-year certificates of deposit of $100,000 or more at First Republic Bank in San Francisco, California. Interest shall accrue and be due and payable quarterly in arrears, on the 15th day of January, April, July and October, calculated on the average outstanding daily principal balance during the previous quarter. The first interest payment shall be due and payable on January 15, 2006. Unpaid principal and accrued interest shall be completely due and payable as a balloon payment on October 15, 2008. All business days under this notes shall be days on which banks in the City of San Francisco, California are open for business.

B. Borrower may add unpaid, accrued interest to the principal balance of this note. If Borrower determines to add accrued interest to the principal balance, Borrower shall give Lender written notice thereof by e-mail or facsimile on or before the last day of December, March, June and September during the term of this note. ¹Interest added to the principal balance of the note shall itself bear interest at the above interest rate.

C. Lender may, in his sole discretion loan Borrower up to an additional Twenty-Five Thousand United States Dollars (US$25,000.00) during the term of this note. Borrower shall request any additional loan in writing from Lender by e-mail or facsimile, and Lender shall notify Borrower of his decision in writing by e-mail or facsimile within ten (10) business days of receipt of Borrower's request.

D. Lender shall make a notation on the reverse of this note of the date of each interest payment made, each interest payment added to principal, each repayment of principal, and any additional principal amounts loaned. Borrower may request that Lender provide in writing by facsimile or e-mail, a copy of of each such notation made; provided that such requests shall not be made more often than quarterly.

E. If a payment of principal or interest to be made pursuant to this note becomes past due for a period in excess of ten (10) business days ("Default"), Borrower shall pay to Lender a default penalty ("Default Penalty") that shall accrue, in addition to the stated rate of interest, at the rate of five percent (5%) of the amount of such overdue payment until the overdue payment is paid. Further, in event of Default, all remaining unpaid principal and accrued interest, shall become due and payable immediately without demand or notice. All payments on this Note shall be applied first in payment of any costs or charges, then to any Default Penalty accrued, then to the base interest accrued, and then to reduce principal.

1

Lender's e-mail address for notice is  /ap2david@sheglobal.net ; Lender's facsimile number is  n/a . Borrower's e-mail address is  timyeo@theasia.cr . Borrower's facsimile number is  86-21-6289-4076 ., Each of Lender and Borrower shall notify the other of any change in e-mail address or facsimile number by written notice.

Borrower may prepay this Note in whole or in part at any time without penalty.

Time is of the essence.

If any Default under this note occurs and remains in effect for ten (10) business days, Borrower promises to pay all costs of collection, including reasonable attorneys' fees, whether or not a lawsuit is commenced as part of the collection process, and whether or not taxable as costs by a court. Borrower waives trial by jury and consents to the personal jurisdiction of the courts located in San Francisco, California, or Hong Kong, the choice of which shall be at Lender's sole discretion.

If any Default under this note occurs and remains in effect for ten (10) business days, or upon bankruptcy, insolvency, dissolution or fraudulent conveyance of Borrower, or upon default under any other obligations of Borrower to Lender, then this note shall become due immediately, all without presentment, demand, protest or notice, all of which hereby are waived.

Borrower shall be in default immediately if there is a sale, transfer, assignment or any other disposition not in the normal course of business of substantially all its assets. Borrower warrants that any obligations owed from it to Timothy Yeo are subordinated to this note with the exception of reasonable day-to-day operating expenses including payroll. Borrower further assures that it will take all steps requested by Lender to affirm such subordination, including causing said parties to execute a subordination agreement.

If any one or more of the provisions of this note is determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this note.

No renewal or extension of this note, delay in enforcing any right of Lender under this note or assignment by Lender of this note shall affect the liability of Borrower. All rights of Lender under this note are cumulative and may be exercised concurrently or consecutively at Lender's option.

This note shall be construed in accordance with the laws of the State of California, irrespective of its choice of law principles.

Signed this.

BORROWER

TAF Group Ltd.
a British Virgin Islands company

By: _____
Timothy Yeo

2

PERSONAL GUARANTY

THIS PERSONAL GUARANTY, dated as of November 1, 2005, is made and given by the undersigned guarantor, Timothy Yeo ("Guarantor"), in favor of David Campbell, his heirs and assigns ("Campbell").

1. Campbell is prepared to make a loan to TAF Group Ltd., a British Virgin Islands company ("Debtor") in the initial amount of US$325,000.00 with the possibility of an additional loan of $25,000.00 and the further possibility that accrued interest will be added to the outstanding principal balance (the "Principal Amount") pursuant to a promissory note made by Debtor in favor of Campbell (the "Note").

2. It is a condition precedent, among others, to Campbell's making of the loan to Debtor that this Guaranty be executed and delivered by Guarantor.

3. Guarantor expects to derive benefits from the making of the loan to Debtor by Campbell and finds it advantageous, desirable and in Guarantor's best interest to execute and deliver this Guaranty to Campbell. Guarantor is providing this Guaranty at the request of Debtor to induce Campbell to make the loan to Debtor.

NOW, THEREFORE, in consideration of the foregoing and the loan to be made to Debtor and for other good and valuable consideration, Guarantor covenants and agrees with Campbell as follows:

Section A. The Guaranty. The Guarantor absolutely, irrevocably and unconditionally guarantees and promises to pay to Campbell, upon demand: (i) the Principal Amount and all sums payable or to become payable under the Note, or at the election of Campbell any one or more payments of interest thereunder, if Debtor fails to pay punctually any one or more amounts when due under the Note (principal, interest and/or other charges) at the time and in the manner provided therein; and (ii) all other obligations of Debtor to Campbell arising under or in connection with the Note, any agreement between Debtor and Campbell executed and delivered in connection with any loan of money or other extension of credit, and all other documents and instruments evidencing, securing, or executed or delivered in connection with the Note and all other agreements between Debtor and Campbell.

The word "obligations" is used in its most comprehensive sense and includes any and all advances, unpaid interest, debts, charges, obligations and liabilities of Debtor previously, now or hereafter made, incurred or created, with or without notice to Guarantor, whether voluntary or involuntary, and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, and whether recovery upon such indebtedness may be or hereafter become barred by any statute of limitations, and whether such indebtedness may be or hereafter become otherwise unenforceable (collectively, the Principal Amount together with all other obligations specified above, the "Obligations").

Section B. Continuing Guaranty. The liability and obligation of Guarantor hereunder shall survive and absolutely, unconditionally and completely continue in full force and effect until indefeasible payment and performance in full of the Obligations, notwithstanding any termination of Debtor's liability by operation of law, and notwithstanding that the Obligations or any part thereof is deemed to have been paid or discharged by operation of law or by some act or agreement of Campbell. For purposes of this Guaranty, the Obligations shall be deemed to be paid only to the extent that Campbell actually receives immediately available funds. Guarantor shall remain liable for any deficiency remaining if Campbell elects to enforce any Default under Note or foreclose any security agreement securing all or any part of the Obligations, whether or not the liability of Debtor for such deficiency is discharged pursuant to

3

statute, judicial decision or otherwise; and agrees not to assert the benefits of any statutory provision limiting the right of Campbell to recover a deficiency judgment, or to proceed otherwise against any person or entity obligated for payment of the Obligations, after any foreclosure or sale of any security for the Obligations.

Section C. <u>Actions Not Required</u>. Guarantor waives any and all right to cause a marshalling of the assets of Debtor or any other action by any court or other government body with respect thereto or to cause Campbell to proceed against any security for the Obligations or any other recourse which Campbell may have with respect thereto and further waives and agrees not to assert: (1) any right to require Campbell to pursue any other remedy available to Campbell, or to pursue any remedy in any particular order or manner; (ii) the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement hereof; (iii) demand, diligence, presentment for payment, protest and demand, and notice of extension, dishonor, protest, demand, nonpayment and acceptance of this Guaranty; (iv) notice of the existence, creation or incurring of new or additional indebtedness of Debtor to Campbell; (v) the benefits of any statutory provision limiting the liability of a surety; and (vi) any defense arising by reason of any disability or other defense of Debtor or by reason of the cessation from any cause whatsoever (other than payment in full) of the liability of Debtor for the Obligations. Guarantor further acknowledges that time is of the essence with respect to its obligations under this Guaranty.

Section D. <u>Remedies</u>. All remedies afforded to Campbell by this Guaranty are separate and cumulative remedies, and Guarantor agrees that no one of such remedies, whether or not exercised by Campbell, shall be deemed to be in exclusion of any of the other remedies available to Campbell and shall in no way limit or prejudice any other legal or equitable remedy which Campbell may have hereunder and with respect to the Obligations. Mere delay or failure to act shall not preclude the exercise or enforcement of any rights and remedies available to Campbell. The obligations of Guarantor hereunder are separate and independent of the Obligations of Debtor and of any other guarantor, and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against any other guarantor, or whether any other guarantor is joined in any action or actions.

Section E. <u>Authorizations</u>. Guarantor authorizes Campbell, without notice or demand and without affecting Guarantor's liability hereunder, from time to time, to: (1) renew, modify, compromise, extend, accelerate or otherwise change the time for payment of, or otherwise change the terms of the Obligations or any part thereof; and (ii) apply any and all payments from Debtor, Guarantor or any other guarantor, in such order or manner as Campbell in his discretion may determine.

Section F. <u>Costs and Expenses</u>. Guarantor agrees to pay or reimburse Campbell on demand for all out-of-pocket expenses (including reasonable attorneys' fees) incurred by Campbell in enforcing this Guaranty against Guarantor, or arising out of or in connection with any failure of Guarantor to fully and timely perform the obligations of Guarantor hereunder, whether or not a suit is filed.

Section H. <u>Governing Law</u>. This Guaranty shall be governed by and construed according to the laws of the State of California, irrespective of its choice of law principles.

Section I. <u>Consent to Jurisdiction</u>. Campbell, in his sole discretion, may bring any action or proceeding to enforce or arising out of this Guaranty in any court of competent jurisdiction in San Francisco, California or in Hong Kong.

Section J. <u>Waivers and Amendments</u>. This Guaranty sets forth the entire agreement of Guarantor and Campbell with respect to the subject matter hereof and supersedes all prior oral and



4

written agreements and representations by Campbell to Guarantor. No modification or waiver of any provision of this Guaranty or any right of Campbell hereunder and no release of Guarantor from any obligation hereunder shall be effective unless in a writing executed by Campbell. A waiver so signed shall be effective only in the specific instance and for the specific purpose given.

Section K. Representations. Guarantor represents and warrants to Campbell as follows: (i) Guarantor is and will continue to be fully informed about all aspects of the financial condition and business affairs of Debtor that Guarantor deems relevant to the obligations of Guarantor hereunder, and waives and fully discharges Campbell from any and all obligations to communicate to Guarantor any information whatsoever regarding Debtor or Debtor's financial condition or business affairs, including without limitation any notice of any default by Debtor; (ii) Guarantor has all requisite power to enter into this Guaranty, to execute, to carry out and perform his obligations under the terms of this Guaranty; (iii) this Guaranty is a valid and binding legal obligation of Guarantor, and is enforceable in accordance with its terms; and (iv) all action on the part of Guarantor necessary for or appropriate to or in connection with the execution, delivery and performance by Guarantor of this Guaranty has been taken.

Section L. Reliance. It is not necessary for Campbell to inquire into the powers of Debtor or the officers, directors, partners or agents acting or purporting to act on its behalf, and any of the Obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder.

Section M. Successors and Assigns. This Guaranty shall inure to the benefit of Campbell and his heirs, successors and assigns and shall be binding upon Guarantor and his heirs, successors and assigns. Campbell may assign this Guaranty in whole or in part without notice.

Section N. Guarantor Acknowledgements. Guarantor acknowledges that (i) he has been advised by counsel in the negotiation, execution and delivery of this Guaranty, (ii) Campbell has no fiduciary relationship to Guarantor, the relationship being solely that of debtor and creditor, and (iii) no joint venture exists between Guarantor and Campbell.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date first above written.

UNDERSIGNED

_____
Timothy Yeo