M. Armon Cooper (State Bar No. 036320)
Attorney at Law
One California Street, 18th Floor
San Francisco, California 94111
Tel: 415-362-6000
Fax: 415-834-9070

*Attorney for Plaintiff*
DAVID B. CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. CAMPBELL,<br>      Plaintiff,<br>vs.<br>TIMOTHY YEO and TAF GROUP, LTD., a British Virgin Islands Company,<br>      Defendants. | Case No. CV 07 6229BZ<br><br>**SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO PARTICIPATE IN CASE MANAGEMENT CONFERENCE BY TELEPHONE**<br><br>Date: March 31, 2008<br>Time: 4:00 p.m.<br>Courtroom G |

Plaintiff DAVID B. CAMPBELL submits this Separate Case Management Statement in lieu of a Joint Case Management Statement because he has been unable to serve copies of the Summons and Complaint on defendant TIMOTHY YEO, individually and on behalf of defendant TAF GROUP, LTD., of which he is a principal, a director, and authorized representative.

1.    <u>Jurisdiction and Service:</u>  Jurisdiction is predicated on 28 USC §1332. After unsuccessful attempts to deliver copies of the Summonses and Complaint to Mr. Yeo at his office in Shanghai, China, on February 2 and February 4, 2008, followed by several telephone calls to Mr. Yeo's office between February 18 and February 28, 2008, in which the receptionist advised plaintiff's process server that Mr. Yeo was not in the office, plaintiff's process server delivered the documents to Mr. Yeo's office on March 27, 2008 (Shanghai time). Plaintiff intends to mail copies of the Summonses

1

1 and Complaint to Mr. Yeo at his office address in Shanghai, and to file a declaration of service
2 including a description of the unsuccessful attempts to personally serve Mr. Yeo.
3 2.    <u>Facts</u>:  In October 2005, plaintiff loaned defendant TAF Group, Ltd., $325,000.00 and
4 defendant Yeo signed and delivered to plaintiff on behalf of defendant TAF Group, Ltd., a
5 Promissory Note dated October 15, 2005, a copy of which is attached as Exhibit "A" to the
6 complaint.  Mr. Yeo also delivered to plaintiff a signed personal guarantee of the Promissory Note, a
7 copy of which is attached as Exhibit "B" to the complaint.  Defendants failed to make payments
8 when due under the terms of the note, and on or about September 5, 2007 plaintiff declared the
9 unpaid balance of principal and interest to be immediately due and payable under the terms of the
10 Promissory Note and made demand for payment under the personal guarantee.  Unpaid principal
11 interest and default penalties in the aggregate amount of $356,741.61 were due and payable as of
12 October 31, 2007.  Interest and default penalties continue to accrue under the terms of the
13 Promissory Note at the rate of $83.17 per day.  Plaintiff does not believe that there are any principal
14 factual issues in dispute.
15 3.    <u>Legal Issues</u>;  Plaintiff does not believe there are any disputed points of law.
16 4.    <u>Motions</u>:  There are no prior or pending motions.
17 5.    <u>Amendment of Pleadings</u>:  Plaintiff does not expect any party's claims or defenses to be
18 added or dismissed.
19 6.    <u>Evidence Preservation</u>:  Plaintiff has no document destruction program, but has not erased
20 any emails, voicemails, or other electronically recorded material relating to evidence relevant to the
21 issues in the action.
22 7.    <u>Disclosures</u>:  Plaintiff has not yet made the initial disclosures required by FRCP 26.
23 8.    <u>Discovery</u>:  No discovery has been taken to date, and plaintiff does not intend to undertake
24 discovery.
25 9.    <u>Class Actions</u>:  This is not a class action.
26 10.   <u>Related Cases</u>:  There are no related cases.
27
28

1    11.    <u>Relief</u>:   Plaintiff seeks damages of $356,741.61 plus interest and default penalties at the rate of $83.17 per day since October 31, 2007, plus reasonable attorney fees and costs, under the terms of the Promissory Note.

12.    <u>Settlement and ADR</u>:   There have been no ADR efforts to date, since defendants have not been served or appeared. Until defendants appear in the action and respond to plaintiff's demand for payment, plaintiff has no opinion regarding prospects for settlement.

13.    <u>Consent to Magistrate Judge For All Purposes</u>:   Plaintiff has consented to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>:   The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

15.    <u>Narrowing of Issues</u>:   Plaintiff does not believe there are issues that can be narrowed by agreement or by motion, or that there will be any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>:   Plaintiff believes that this is the type of case that can be handled on an expedited basis with streamlined procedures, when defendant has appeared in the action.

17.    <u>Scheduling:</u>   Plaintiff is unable to propose dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference or trial until defendants have appeared in the action.

18.    <u>Trial:</u>   The case will be tried to the Court in one hour.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:   Plaintiff has not filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The undersigned certifies on the behalf of plaintiff that as of this date, other than the named parties, there is no person, association of persons, firm, partnership, corporation, or other entity that has a financial interest in the subject matter in controversy or in any party, or has a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

20.    <u>Request For Continuance and Appearance By Telephone</u>:   Since defendants have not been served or appeared, plaintiff asks the Court to continue the Case Management Conference for 60 days, and to allow plaintiff's attorney to participate in the conference on March 31, 2008 by telephone.

1
2   Date: March 27, 2008                    Respectfully submitted,
3
4                                           _____
5                                           M. ARMON COOPER
                                            Attorney for Plaintiff David B. Campbell
6
7
8
...
28

4

CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE

2969544v1 786106