1 | WHITE O'CONNOR FINK & BRENNER LLP
   David E. Fink (STATE BAR NO. 169212)
2 | Edward E. Weiman (STATE BAR NO. 193290) (*Admission Pending*)
   10100 Santa Monica Boulevard, Twenty-Third Floor
3 | Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
4 | Facsimile: (310) 712-6199
   dfink@whiteo.com
5 | eweiman@whiteo.com

6 | Attorneys for Defendants Timothy Yeo
   and TAF Group Ltd.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| DAVID CAMPBELL, | CASE NO. 3:07-CV-06229 BZ |
| Plaintiff, | **ANSWER OF DEFENDANTS TIMOTHY YEO AND TAF GROUP LTD. TO PLAINTIFF'S COMPLAINT** |
| v. | |
| TIMOTHY YEO and TAF GROUP LTD., a British Virgin Islands Company, | Trial Date:     None Set |
| Defendants. | |

Defendants Timothy Yeo ("Yeo") and TAF Group Ltd. ("TAF") (collectively, "Defendants") hereby answer the Complaint of Plaintiff David Campbell ("Plaintiff") as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

## JURISDICTIONAL ALLEGATIONS

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

## VENUE ALLEGATIONS

5. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff resides in the Northern District of California. Defendants admit that they have consented to writing to venue in this Court. Except as expressly admitted herein, Defendants deny, generally and specifically, the remaining allegations contained in paragraph 5 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST TAF GROUP LTD.

6. Defendants admit that on October 15, 2005, they executed and delivered to Plaintiff a document entitled Promissory Note, dated October 15, 2005, showing a principal amount of $325,000 payable to the order of Plaintiff at 1026 Woodside Drive, Napa, California (the "Promissory Note"). Defendants admit that Exhibit A is a copy of the Promissory Note. Defendants deny, generally and specifically, the remaining allegations contained in paragraph 6 of the Complaint, including that the Promissory Note evidences, or was intended to evidence, a loan by Plaintiff to Defendant TAF Group Ltd.

///

7. Defendants deny, generally and specifically, each and every allegation contained in paragraph 7 of the Complaint.

8. Defendants deny, generally and specifically, each and every allegation contained in paragraph 8 of the Complaint.

## SECOND CAUSE OF ACTION AGAINST TIMOTHY YEO

9. Defendants admit that Timothy Yeo is the principal in defendant TAF Group Ltd. Defendants admit that on or about November 1, 2005, Yeo executed and delivered to Plaintiff a document entitled Personal Guaranty. Defendants admit that Exhibit B is a copy of the Personal Guaranty. Defendants deny, generally and specifically, the remaining allegations contained in paragraph 9 of the Complaint, including that "[u]nder the terms of the Personal Guaranty, [Yeo] is obligated to pay to plaintiff all amounts unpaid by [TAF] under the terms of the Promissory Note."

10. Defendants deny, generally and specifically, each and every allegation contained in paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the claims for relief alleged herein, Defendants, and each of them, allege:

## FIRST AFFIRMATIVE DEFENSE

### (California Uniform Commercial Code § 3117)

The Complaint, and each cause of action therein, is barred pursuant to Section 3117 of the California Uniform Commercial Code because Plaintiff and TAF entered into a separate agreement (the "Investment Agreement") whereby the parties agreed that TAF would not be liable on the Promissory Note unless TAF failed to perform its obligations pursuant to Investment Agreement. The Investment Agreement modified, supplemented, or nullified TAF's obligations, if any, under the Promissory Note. TAF entered into the Promissory Note in reliance on the Investment Agreement. TAF has not failed to perform its obligations pursuant to Investment Agreement, thus, TAF has no obligation to pay in accordance with the

Promissory Note.  Similarly, because TAF has not failed to pay the Promissory Note (because it has no obligation to do so), Yeo has no obligation pursuant to the Personal Guaranty.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Consideration)

The Complaint, and each cause of action therein, is barred, due to lack of consideration to support either The Promissory Note or the Personal Guaranty.  Plaintiff did not deliver $325,000 to TAF on or about October 15, 2005, or at any other time, in exchange for the Promissory Note.  Thus, the Promissory Note, was not supported by consideration.  Accordingly, because the Promissory Note was the consideration for the Personal Guaranty, the Personal Guaranty was also not supported by consideration.

## THIRD AFFIRMATIVE DEFENSE
### (Sham Transaction)

The Complaint, and each cause of action therein, is barred because the Promissory Note and the Personal Guaranty were sham transactions.  Plaintiff and TAF did not intend that TAF's execution of the Promissory Note would bind TAF to its terms; the Promissory Note was a mere formality, and not a jural act.  Plaintiff and Yeo did not intend that Yeo's execution of the Personal Guaranty would bind YEO to its terms; the Personal Guaranty was a mere formality, and not a jural act.

## FOURTH AFFIRMATIVE DEFENSE
### (Alternative Defense for Misrepresentation)

The Complaint, and each cause of action therein, is barred due to false promises and representations by Plaintiff.  On or about October 15, 2005, Plaintiff made false promises and representations regarding the Promissory Note with the intent to induce TAF into entering into the Promissory Note.  In particular, Plaintiff stated that the Promissory Note was not intended to be binding, nor intended to replace the Investment Agreement.  Such promises and representations were false

when made. Plaintiff knew that TAF would have never agreed to enter into the Promissory Note if TAF knew that Plaintiff's promises and representations were false. In reliance upon Plaintiff's false promises and representations, TAF executed the Promissory Note. Plaintiff made the same false promises and representations in order to induce Yeo into entering into the Personal Guaranty. Plaintiff knew that Yeo would have never agreed to enter into the Personal Guaranty if Yeo knew that Plaintiff's promises and representations were false. In reliance upon Plaintiff's false promises and representations, Yeo executed the Personal Guaranty.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Perform)

Without admitting the existence of any enforceable contracts as alleged in the Complaint, Plaintiff's Complaint, and each cause of action therein, is barred, due to Plaintiff's failure to perform. Plaintiff did not deliver $325,000 to TAF on or about October 15, 2005, in exchange for the Promissory Note, or at any other time. Thus, Plaintiff did not perform his purported obligations under the terms of the Promissory Note or the Personal Guaranty.

### SIXTH AFFIRMATIVE DEFENSE
### (Breach by Plaintiff)

Without admitting the existence of any enforceable contracts as alleged in the Complaint, Plaintiff's purported causes of action are barred because Plaintiff failed to comply with the terms of any alleged contract, therefore, Plaintiff has waived his rights to assert any of his causes of action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

Without admitting the existence of any enforceable contracts as alleged in the Complaint, Plaintiff's purported causes of action are barred because Plaintiff has not sustained any cognizable damages from any act or omission attributable to

/ / /

Defendants, and, therefore, has no claim upon which relief may be granted as against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint, and each cause of action therein, is barred, due to the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Complaint, and each cause of action therein, is barred, due to the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint, and each cause of action therein, is barred, due to the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

Due to the lack of information as to matters set forth in the Complaint, Defendants have insufficient knowledge or information on which to form a belief as to whether Defendants have additional, as yet unstated, affirmative defenses available, and Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery indicates said defenses are proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing and be afforded no relief;

2. That Plaintiff's claims be dismissed with prejudice in their entirety and judgment entered in favor of Defendants;

3. For all other relief as the Court may deem just and proper.

DATED: June 4, 2008

WHITE O'CONNOR FINK & BRENNER LLP
David E. Fink
Edward E. Weiman (*Admission Pending*)

By /s/ David E. Fink
　　David E. Fink
Attorneys for Defendants Timothy Yeo and TAF GROUP LTD.