M. Armon Cooper (State Bar No. 036320)
Attorney at Law
One California Street, 18th Floor
San Francisco, California 94111
Tel: 415-362-6000
Fax: 415-834-9070
*Attorney for Plaintiff*
DAVID B. CAMPBELL

WHITE O'CONNOR FINK & BRENNER LLP
Edward E. Weiman (STATE BAR NO. 193290)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
eweiman@whiteo.com
*Attorneys for Defendants*
TIMOTHY YEO AND TAF GROUP LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, , SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID B. CAMPBELL,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY YEO and TAF GROUP, LTD., a British Virgin Islands Company,<br>    Defendants. | Case No. CV 07 6229MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REQUEST TO PARTICIPATE IN CASE MANAGEMENT CONFERENCE BY TELEPHONE**<br><br>Date: August 4, 2008<br>Time: 4:00 p.m.<br>Courtroom G |

228703.1.doc

**JOINT CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE**

Plaintiff DAVID B. CAMPBELL and Defendants TIMOTHY YEO ("Yeo") and TAF GROUP, LTD. ("TAF") submit this Joint Case Management Statement pursuant to Local Rule 16-9(a) and the Clerk's Notice dated June 9, 2008, scheduling the Case Management Conference in the above-captioned matter.

1. <u>Jurisdiction and Service:</u> Jurisdiction is predicated on 28 USC § 1332. Defendants, by and through their counsel of record, accepted service of the Complaint on May 7, 2008.

2. <u>Facts:</u>

Plaintiff contends that, in October 2005, plaintiff loaned defendant TAF Group, Ltd., $325,000.00 and defendant Yeo signed and delivered to plaintiff on behalf of defendant TAF Group, Ltd., a Promissory Note dated October 15, 2005, a copy of which is attached as Exhibit "A" to the complaint. Mr. Yeo also delivered to plaintiff a signed personal guarantee of the Promissory Note, a copy of which is attached as Exhibit "B" to the complaint. Defendants failed to make payments when due under the terms of the note, and on or about September 5, 2007 plaintiff declared the unpaid balance of principal and interest to be immediately due and payable under the terms of the Promissory Note and made demand for payment under the personal guarantee. Unpaid principal interest and default penalties in the aggregate amount of $356,741.61 were due and payable as of October 31, 2007. Interest and default penalties continue to accrue under the terms of the Promissory Note at the rate of $83.17 per day.

Defendants contend that Plaintiff and TAF entered into an agreement (the "Investment Agreement") whereby the parties agreed that TAF would not be liable on the Promissory Note unless TAF failed to perform its obligations pursuant to Investment Agreement. The Investment Agreement modified, supplemented, or nullified TAF's obligations, if any, under the Promissory Note. TAF entered into the Promissory Note in reliance on the Investment Agreement. TAF has not failed to perform its obligations pursuant to Investment Agreement, thus, TAF has no obligation to pay in accordance with the Promissory Note. Similarly, because TAF has not failed to pay the Promissory Note (because it has no obligation to do so), Yeo has no obligation pursuant to the Personal Guaranty.

228703.1.doc

**JOINT CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE**

2969544v1 786106

Plaintiff contends that he and Defendants did not enter into an Investment Agreement, or any other agreement contrary to the terms of the Promissory Note and the Personal Guaranty.

3. <u>Legal Issues:</u>

Plaintiff believes that the parol evidence rule (California Code of Civil Procedure §1856 and California Commercial Code §2202) bars the introduction of any evidence to contradict the unambiguous language of the integrated Promissory Note and Personal Guaranty.

Defendants believe that there are numerous disputed points of law, including but not limited to whether the Promissory Note and Personal Guaranty were procured by fraud, are barred by California Uniform Commercial Code § 3117 and by the law governing sham transactions, or fail for a lack of consideration.

4. <u>Motions:</u>   There are no prior or pending motions.

5. <u>Amendment of Pleadings:</u>   Plaintiff does not expect any party's claims or defenses to be added or dismissed. Defendants anticipate filing a motion for leave to file a Demand for Jury Trial. Defendants further anticipate filing a motion for leave to amend their Answer.

6. <u>Evidence Preservation:</u>   Plaintiff has no document destruction program, but has not erased any emails, voicemails, or other electronically recorded material relating to evidence relevant to the issues in the action. Defendants have no document destruction program, but has not erased any emails, voicemails, or other electronically recorded material relating to evidence relevant to the issues in the action.

7. <u>Disclosures:</u>   The parties have not yet made the initial disclosures required by FRCP 26.

8. <u>Discovery:</u>   No discovery has been taken to date. Plaintiff and Defendants intend to take discovery in the form of document production requests, requests for admission, interrogatories, third-party subpoenas, and depositions.

9. <u>Class Actions:</u>   This is not a class action.

10. <u>Related Cases:</u>   There are no related cases.

228703.1.doc

**JOINT CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE**

2969544v1 786106

11. <u>Relief:</u>  Plaintiff seeks damages of $356,741.61 plus interest and default penalties at the rate of $83.17 per day since October 31, 2007, plus reasonable attorney fees and costs, under the terms of the Promissory Note.  Defendants contend that Plaintiff should take nothing and be afforded no relief under the Complaint, and that Plaintiff's claims be dismissed with prejudice in their entirety and judgment entered in favor of Defendants.  Defendants further seek their reasonable attorneys' fees and costs pursuant to California Civil Code § 1717.

12. <u>Settlement and ADR</u>:  There have been no ADR efforts to date.  Plaintiff has filed the ADR Certification required by Civil L.R. 16-8(b) and ADR L.R. 3-5(b).  The parties have met and conferred regarding ADR, and have filed a Notice of Need for ADR Phone Conference pursuant to Civil L.R. 16-8 and ADR L.R. 3-5.  A date for the phone conference has not yet been set.

13. <u>Consent to Magistrate Judge For All Purposes:</u>  Plaintiff consented to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.  Defendants did not consent to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References:</u>  Plaintiff believes that the case may be suitable for reference to binding arbitration.  Plaintiff and Defendants believe that the case is not suitable for reference to a special master, or the Judicial Panel on Multi-District Litigation.

15. <u>Narrowing of Issues:</u>  Plaintiff believes that the issue of the applicability of the parol evidence rule may be decided by motion.  Defendants disagree, primarily because Plaintiff has not explained the basis upon which this belief is formed.  The parties do not otherwise believe that there are issues that can be narrowed by agreement or by motion, or that there will be any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule:</u>  Plaintiff believes that this is the type of case that can be handled on an expedited basis with streamlined procedures.  Defendants do not believe that this case can be handled on an expedited basis, based upon the significant factual and legal issues set forth above.  In addition, Defendant Timothy Yeo is a resident of Singapore, and Defendant TAF is a British Virgin Islands corporation, with its principal place of business in Hong Kong, China.  Thus,

228703.1.doc

---

**JOINT CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE**

2969544v1 786106

it is Defendants' position that the process of gathering evidence, taking discovery, and communicating between client and counsel, all militate against any attempt to expedite the resolution of this matter.

17.   Scheduling:   The parties defer to the court with respect to dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference, and trial.

18.   Trial:   Plaintiff contends that the case will be tried to the Court in one hour, assuming that his motion to exclude testimony under the parol evidence rule is granted. Defendants contend that the trial will take 1-2 days.

19.   Disclosure of Non-party Interested Entities or Persons:   Plaintiff certified in the Separate Case Management Statement he filed on March 27, 2008 that, other than the named parties, there is no person, association of persons, firm, partnership, corporation, or other entity that has a financial interest in the subject matter in controversy or in any party, or has a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding. Defendants filed a Certification of Interested Entities or Persons on June 4, 2008.

20.   Request For Appearance By Telephone:   The parties each request permission to participate in the Case Management Conference calendared for August 4, 2008 by telephone.

Date: July 25, 2008                                   Respectfully submitted,


/s/
M. ARMON COOPER
Attorney for Plaintiff David B. Campbell

Date: July 25, 2008                                   WHITE O'CONNOR FINK & BRENNER LLP
                                                      Edward E. Weiman


/s/
EDWARD E. WEIMAN
Attorneys for Defendants
Timothy Yeo and TAF Group Ltd.

228703.1.doc

**JOINT CMC STATEMENT AND REQUEST FOR TELEPHONIC APPEARANCE**

2969544v1 786106